IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW LOWE,

    Plaintiff,

v.                                                                                                 No. 23-cv-0160-MIS-KBM

BERNALILLO COUNTY, *et al*,

    Defendants.

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiff Matthew Lowe's Amended Prisoner Civil Rights Complaint, ECF No. 3, filed March 27, 2023. Plaintiff is incarcerated, proceeding *pro se*, and proceeding *in forma pauperis*. He alleges jail officials were deliberately indifferent to his health and safety. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint without prejudice but provide leave for Plaintiff to amend his pleading.

**I.**    **BACKGROUND**

This case stems from Plaintiff's detention at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. The Complaint alleges that between 2021 and 2023, MDC experienced staffing shortages. *See* ECF No. 3 at 8. On at least eight occasions, Plaintiff was locked down for periods of 72 to 116 hours (or about three to five days). *Id*. Plaintiff lacked access to showers, telephones, prison kiosks, and the day room during the lockdowns. *Id*. On at least one occasion, Plaintiff was confined to a cell with a broken toilet, which made it difficult or impossible to use the restroom. *Id*. at 9.

The Complaint further alleges MDC officials failed to provide adequate medical treatment.

*See id.* at 8. Plaintiff was allegedly denied treatment for opiate use disorder, psychiatric disorders, hepatitis C, and peripheral artery disease. *Id.* at 8-9. MDC officials also allegedly refused to provide prescription glasses for at least 18 months and served expired food, which caused Plaintiff to experience food poisoning. *Id.* Plaintiff filed grievances regarding these issues but did not obtain internal relief. *Id.* at 12.

Based on these facts, the Complaint raises claims under 42 U.S.C. § 1983 and the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. *See id.* at 5-6. Plaintiff seeks at least $5 million in damages from ten Defendants: (1) Law Librarian Lisa Morton; (2) Assistant Chief Sapien; (3) Unnamed MDC Chief; (4) Unnamed Head of the Medical Department; (5) Chaplain Isaac Minases; (6) E-Unit Captain Gary Trujillo Jr.; (7) the Bernalillo County Board of Commissioners; (8) the City of Albuquerque; (9) MDC; and (10) "[]MDC Staffing" Division. *Id.* at 2-6. Plaintiff satisfied the initial filing fee requirement under 28 U.S.C. § 1915, and the Complaint is ready for initial review.

## II.  STANDARDS GOVERNING INITIAL REVIEW

The Court must dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial *pro se* complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

### III.     DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

While the allegations here are serious, the Complaint fails to satisfy this standard because it does not connect any specific Defendant to the alleged wrongdoing. The Complaint sets forth a list of Defendants; describes what Plaintiff experienced at MDC; and refers to Defendants as a group. *See, e.g.*, ECF No. 3 at 9 (alleging "they" failed to certain medical conditions). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's … passive-

voice [allegations] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.* at 1226. The Complaint therefore fails to state a cognizable § 1983 claim against any Defendant and will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

As noted above, *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will permit Plaintiff to file an amended complaint within thirty (30) days of entry of this Order. Any amended complaint should "make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quotations omitted). Plaintiff is reminded that entities and prison supervisors cannot be held liable under § 1983 simply because they oversee a wrongdoer. Entity-defendants and prison supervisors can only be liable if they were personally involved or if they promulgate an official policy/custom that leads to the constitutional violation. *See Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Similarly, to establish liability of local-government entities such as the Bernalillo County Board of Commissioners, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). If Plaintiff wishes to use unnamed Defendants, the amendment must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).

Plaintiff is further reminded that, to the extent he seeks damages for deliberate indifference to health/safety, such claim "involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Prison conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). A medical need is considered objectively serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotations omitted). To satisfy the subject component of the deliberate indifference test, the plaintiff must demonstrate each defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Finally, to the extent Plaintiff wishes to raise a First Amendment claim for hindering legal access, his amended complaint must contain more factual detail regarding that issue. *See* ECF No. 3 at 5. To state a First Amendment right of access claim, the plaintiff must show he was deprived of "a reasonably adequate opportunity to present claim[s] … to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). The right of access focuses on the "conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.*. at 356. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (a § 1983 plaintiff must demonstrate he was effectively "shut out of court"). Beyond demonstrating a lack of access, a plaintiff must show the alleged wrongdoing "prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). "Conclusory allegations of injury in this respect will not suffice." *Wardell v. Duncan*, 470

F.3d 954 (10th Cir. 2006). Plaintiffs must allege specific facts about how the lockdowns/insufficient law library/etc. prevented them from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Lewis*, 518 U.S. at 355.

If Plaintiff fails to timely amend or files an amendment that fails to state a cognizable § 1983 claim, consistent with the pleading standards set forth above, the Court may dismiss his claims with prejudice and without further notice.

## IV.     CONCLUSION

**IT IS ORDERED** that Plaintiff Matthew Lowe's Amended Prisoner Civil Rights Complaint (**ECF No. 3**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE