United States District Court
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
SEP 19 2025
MITCHELL R. ELFERS
CLERK

Matthew Lowe,
　　Plaintiff

v.

Bernalillo County Board
of Commissioners and
City of Albuquerque,
　　Defendants,

1:23-cv-0160-MIS-JFR

Plaintiff's Objections to Defendants'
response to Plaintiff's Memorandum of law in
Opposition to Defendants' Motion for Summary Judgement

Plaintiff, Matthew Lowe by and through his own Counsel hereby Submits his objections to Defendants' response.

## Introduction

Plaintiff was notified by The Court that he needed to submit his objections to Defendants' Motion. He submitted a Memorandum of law in opposition to Defendants' Motion. Plaintiff respectfully requests that the Court excuse his lack of knowledge of the law and procedure and adopt his memorandum as his response to Defendants' Motion for Summary Judgement and hear his objections as to why he should be granted the denial of Defendants' Motion for Summary Judgement.

## ARGUMENT

Plaintiff would like to submit his records from "MDC" as evidence, but Plaintiff is In forma Pauperis and cannot afford to make copies and mail that ammount of information to The Court.

Plaintiff respectfully asks the Court if he can subpeona his records to custody of the court to use as evidence.

Plaintiff is also trying to obtain his records from NMCD showing his treatment of his conditions he was denied treatment for at "MDC". Again Plaintiff respectfully requests The Court excuse his limited knowledge of law and procedure and allow Plaintiff to obtain this evidence, and submit the information to The Court. In addition Plaintiff has contacted the Department Of Justice and filed a complaint and is waiting for a response.

Plaintiff's understanding of Rule is jail conditions must not be punitive OR an exaggerated response to a security need. Which The Plaintiff has had very limited access to law library and almost no access to any means of obtaining evidence; and his limited knowledge has made it difficult to obtain the information and evidence he needs to show how the Defendants violated this rule. Plaintiff is respectfully requesting that the Court find that the Plaintiff should be granted benifet of doubt and a chance to present his case at trial.

Plaintiff needs to contact and depose witnesses both inmates and employees of MDC so he can validate his claims. If plaintiff is granted the oppertunity to move forward he will be requesting the information needed to depose witnesses, Plaintiff has only just began to get the evidence and information he needs for his case, and how to present it.

Plaintiff respectfully and apoligetically requests the Court to excuse his limited knowledge of law and procedure and allow this case to be presented at trial. He needs to do more research and investigation than he originally was led to believe he needed. Plaintiff was under the impression that he did prove his claims were valid and presented in a manner that would allow him to go to trial. He has now recieved a small ammount of evidence, but can obtain much more it provided the oppertunity to move forward. Plaintiff is doing his best given his extrenly limited access to ANY of the material or means to investigate, research, and interogate witnesses, and did not realize this would hinder his case from proceding to trial. Now that the plaintiff has learned what he needs to do he will have everything prepaired and obtain the information and documentation needed to validate his claims so he may proceed to trial.

In Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) a Court held that a pretrial detainee only needs to show objective unreasonableness, and in Hardeman v. Curran, 933 F.3d 816 (7th Cir 2019) a Court extended this objective-only standard to a conditions of confinement claim brought by pretrial detainees forced to live without clean water, and In Gordon v. County of Orange, 888 F.3d 1118 (9th Cir 2018) it was applied to a medical care claim See Also Darnell v. Pineiro, 849 F.3d 17 (2d Cir 2006) Pretrial detainees only have to prove objective unreasonableness for a Conditions of confinement claim, and plaintiffs records from "MDC" and the Martinez Report show that what the plaintiff is claiming did actually happen, and plaintiff submitted a statement under penalty of perjury that the allegations are factual, and this Court already ruled that the claims are serious.

Plaintiff has established a pattern of behavior by the Defendants not once or twice but his entire time at MDC. The plaintiff was not treated for several medical conditions; was made to live in unsanitary conditions, experienced loss of liberty hundreds of times in 18 months. Every attempt to resolve problems was ignored showing Defendants' Deliberate indifference to plaintiffs rights. Defendants blamed all of these problems on staffing or lack thereof and had ample time to resolve plaintiffs grievances but made no effort to do so.

PG 5.

# Conclusion

Plaintiff Matthew Lowe sincerly apoligizes for his limited knowledge of law and procedure, and respectfully requests the Court to excuse the errors made by him. Plaintiff now has a better understanding though not a full understanding of what he is lacking in his case; and respectfully requests The Court to grant him the oppertunity to obtain more evidence, depose witnesses, and finish his research & investigation so he may propperly present his case at trial.

The Defendants allege that The Plaintiff has not established deliberate indifference, but he has shown that he was mistreated; tried to use all administative remedies and was not only ignored but treated even worse for doing so. Plaintiff was ridiculed for seeking Mental Health treatment which he was treated for P.T.S.D., anxiety, depression, insomnia among other things by NMCD when he got to prison. Plaintiff can and is currently trying to obtain the evidence to present to the Court.

Plaintiff had to seek legal counsel to help him to be seen by a provider and can call said counsel as a witness as she has advocated for plaintiff on several occassions; even going to a City Counsel meeting trying to help the plaintiff recieve treatment for his Opiate Use Disorder. Opiate Use Disorder is a serious obvious condition requiring treatment the same as Hepatitis C or H.I.V. and despite the plaintiffs repeated attempts he was completly ignored and caught Hep. C. when he relapsed when he was literally begging for help. Also The Rule for Violation of The Eighth Amendment is when prison

officials act with deliberate indifference that exposes a prisoner to an unreasonable risk of serious harm OR deprives a prisoner of a basic human need. Which the Plaintiff has well established and can prove with his records from MDC. Plaintiff was not treated for a number of conditions considered "Chronic Care" and was not treated for his mental health disorders or Substance use disorder which if any of these left untreated pose a risk of serious harm AND deprives him of basic human need. As well as excessive lockdowns in a small cell not for days or months but 1½ years with out reason other than defendants unwilling to hire enough staff to operate the facility correctly. The Plaintiff was released due to inadequate healthcare treatment. Plaintiff was unable to get out of his cell to exercise or walk which the provider instructed him to do for his P.A.D. and Plaintiff wasn't able to elevate his feet in his cell as the provider instructed. Which is unreasonable risk of serious harm of stroke or heart problems and deprives Plaintiffs basic human needs of recreation and health care in order to manage his conditions.

Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclussion; it must be more than scintilla, but it need not be a preponderance. Plaintiff has substantial evidence to support his case given the opportunity to present it at trial. He has litterally zero access to research and investigate the witnesses he needs to contact and is extremly limited in every way to gather any other evidence he may need. If Plaintiff is allowed to go to trial he will have grounds for requesting the access and legal help to get everything prepaired.

The Defendants have basically admitted that what the Plaintiff is saying is true, but since the plaintiff's limited knowledge has kept him from presenting the case in a manner that a lawyer would that his case doesn't have merrit. The Plaintiff deserves the same rights and treatment as anyone else in America, and he experienced serious violations of his constitutional rights a serious loss of life and liberty and made to live in conditions no human being should be subjected to. He tried to resolve all of these things but was completly ignored. Now he is seeking help from the court to be granted the relief he is entitled to. If these things happened once or twice it would be excusable but the defendants subjected the plaintiff to this treatment for 18 months over and over and over with no regard for his well being despite his pleadings for help.

For Those Foregoing reasons The Plaintiff respectfully requests the The Defendants Motion for Summary Judgement be denied.

Respectfully Submitted,
Matthew Lowe   9-11-25

*Matt Lowe*

P.O. Box 639
Las Cruces, NM 88004.

Matthew Lowe
P.O. Box 634
Las Cruces, NM 88004

U.S.D.C.
Office of The Clerk
333 Lomas Blvd NW STE 270
ABQ, NM 87102

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
SEP 19 2025
MITCHELL R. ELFERS
CLERK