IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW LOWE,

    Plaintiff,

v.

                                      Case No. 1:23-cv-00160-MIS-JFR

BERNALILLO COUNTY BOARD
OF COMMISSIONERS and
CITY OF ALBUQUERQUE,

    Defendants.

**OMNIBUS ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, GRANTING BERNALILLO COUNTY BOARD OF COMMISSIONERS' MOTION FOR SUMMARY JUDGMENT ON THE *MARTINEZ* REPORT, GRANTING CITY OF ALBUQUERQUE'S MOTION FOR SUMMARY JUDGMENT, DENYING ALL OTHER PENDING MOTIONS AS MOOT, AND CLOSING CASE**

**THIS MATTER** is before the Court on the Proposed Findings and Recommended Disposition of United States Magistrate Judge John F. Robbenhaar ("PFRD"), ECF No. 55, issued July 23, 2025, recommending that the Court grant Defendant Bernalillo County Board of Commissioners ("BCBC")'s Motion for Summary Judgment on the Martinez Report, ECF No. 43, grant Defendant City of Albuquerque's Motion for Summary Judgment, ECF No. 46, and dismiss Plaintiff's Complaint with prejudice "under Federal Rules of Civil Procedure 12(b)(6) and 56(a)." PFRD at 39.

First, Judge Robbenhaar found that the City of Albuquerque "is entitled to summary judgment on all claims" because it "is not responsible for the staffing, maintenance, or operation of" the Bernalillo County Metropolitan Detention Center ("MDC"), where all of the alleged unlawful acts occurred while Plaintiff was a pretrial detainee. Id. at 15-16.

Second, Judge Robbenhaar found that as to Plaintiff's claims against BCBC: (1) certain claims should be dismissed as abandoned under Rule 12(b)(6), id. at 19; (2) Plaintiff's Fifth Amendment claim should be dismissed under Rule 12(b)(6) because it does not apply to state actors, id. at 19-20; (3) Plaintiff's Eighth Amendment claim should be dismissed under Rule 12(b)(6) because it does not apply to pretrial detainees, id. at 20; (4) Plaintiff's Fourteenth Amendment deliberate indifference to serious medical needs claims should be dismissed under Rule 12(b)(6) because they are "devoid of any specific factual predicate that would permit a plausible inference of municipal liability or an underlying constitutionally prohibited deliberate indifference to serious medical needs[,]" id. at 24; see also id. at 24-30; (5) BCBC is entitled to summary judgment on Plaintiff's Fourteenth Amendment conditions-of-confinement claims because they fail to satisfy the objective and/or subjective components of such claims, and/or Plaintiff has failed to show the existence of a municipal policy, practice or custom that was undertaken with deliberate indifference and was the moving force behind the allegedly unconstitutional conditions, id. at 30-35; (6) Plaintiff's Fourteenth Amendment due process claim should be dismissed under Rule 12(b)(6)[1] because "there is no constitutional right to effective grievance procedures[,]" id. at 36; see also id. at 35-37; and (7) BCBC is entitled to summary judgment[2] on Plaintiff's First Amendment retaliation claim because (A) the uncontroverted

---

[1] Although the PFRD recommends dismissing Plaintiff's Fourteenth Amendment due process claim "with prejudice under Rule 56[,]" ECF No. 55 at 37, the Court construes the PFRD as recommending dismissal under Rule 12(b)(6), as all four cases cited in support involve dismissals for failure to state a claim, and do not involve summary judgment. See id. at 36-37 (citing Von Hallcy v. Clements, 519 F. App'x 521, 523 (10th Cir. 2013); Sawyer v. Green, 316 F. App'x 715, 716-17 (10th Cir. 2008); Burnett v. Allbaugh, 715 F. App'x 848, 850, 852 (10th Cir. 2017); Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011)).

[2] Although the title of this subsection in the PFRD is "Plaintiff's First Amendment Retaliation Claim Must be Dismissed[,]" ECF No. 55 at 37, and although Judge Robbenhaar found that "Plaintiff's conclusory allegation that his short-term and one-time placement in the RHU was decisively the result of retaliation is insufficient to state a claim[,]" id. at 38, the other findings made in this subsection of the PFRD are on the merits of the claim, see id. at 38-39, and Judge Robbenhaar ultimately concludes that "BCBC is entitled to summary judgment in their [sic] favor under

evidence establishes that Plaintiff was properly placed in the restrictive housing unit ("RHU") "pending an investigation into Class I charges associated with alleged possession of gang paraphernalia[,]" id. at 38, and not in retaliation for filing grievances, id., and (B) in any event, "Plaintiff fails to demonstrate that there exists a genuine factual question that a municipal policy, practice, or custom exists, which was undertaken with deliberate indifference and was the moving force behind the alleged injury[,]" id. at 38-39.

The PFRD concludes by notifying the Parties that they may file written objections to the PFRD within fourteen days. Id. at 39 (citing 28 U.S.C. § 636(b)(1)). Specifically, it states:

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Id.

On or about August 4, 2025, Plaintiff filed a motion confirming that he received the PFRD and requesting a sixty-day extension of the deadline to file objections to the PFRD. ECF No. 57 at 1. On August 14, 2025, the Court granted Defendant's request for a sixty-day extension of the deadline to file objections, providing Plaintiff until and including October 6, 2025 to file objections. ECF No. 58.

On or about August 29, 2025, Plaintiff filed a "Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment." ECF No. 67 ("Memo. of Law"). On or about September 8, 2025, Plaintiff filed "Supplemental Information to Plaintiff's Memorandum of Law

---

Fed. R. Civ. P. 56[,]" id. at 39. Therefore, the Court construes this subsection of the PFRD as recommending that the Court grant summary judgment in favor of BCBC on the First Amendment retaliation claim.

3

Opposing Summary Judgment" ("Suppl."). ECF No. 68. Neither of these filings mention, much less object to, the PFRD.

BCBC and the City filed Responses to Plaintiff's Memorandum of Law and Supplement on September 9 and 10, 2025, respectively. ECF Nos. 69, 70 (collectively, "Responses").

On or about September 19, 2025, Plaintiff filed "Objections to Defendants' Response[s] to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment." ECF No. 71 ("Obj. to Defs.' Resps."). Therein, he asks the Court to accept his Memorandum of Law as his response to Defendants' Motions for Summary Judgment. Id. at 1.

BCBC and the City both argue that the Memorandum of Law is untimely and procedurally improper. ECF No 69 at 1; ECF No. 70 at 1. The Court agrees.

The Court informed Plaintiff that he may file a response to Defendants' motions for summary judgment within thirty days of their filing. See ECF No. 27 at 3, 4. Plaintiff timely filed a Response to Defendants' Motions for Summary Judgment on March 5, 2025. ECF No. 47. Any memorandum of law Plaintiff wished for the Court to consider in opposition to Defendants' Motions for Summary Judgment was due with his Response to Defendants' Motions for Summary Judgment, not after Defendants filed their Replies and Judge Robbenhaar issued his PFRD.[3] See D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."); D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion."). Nothing in the Federal Rules of Civil

---

[3] It is worth noting that prior to Judge Robbenhaar issuing the PFRD, Plaintiff filed a "Reply to Defendants' Reply" ("Surresponse"), ECF No. 52, which Defendants jointly moved to strike, ECF No. 53. Judge Robbenhaar granted Defendants' Motion to Strike the Surresponse because Defendants' Replies did not present new arguments or evidence, and in any event, the Surresponse was almost entirely repetitive of his original Response. ECF No. 54.

4

Procedure or Local Rules of this District permit a party to file a response to a motion after a PFRD has been issued on the motion.

Although parties may file objections to a PFRD, see 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b)(2), the Court does not construe Defendants' Memorandum of Law, Supplement, or Objections to Defendants' Responses as objections to the PFRD. Pursuant to Federal Rule of Civil Procedure 72(b)(2), objections to a PFRD must be "specific[.]" See also United States v. 2121 East 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review"). Plaintiff's Memorandum of Law, Supplement, and Objections to Defendants' Responses do not specifically object to any of Judge Robbenhaar's findings or conclusions; in fact, they do not even mention the PFRD. See ECF Nos. 67, 68, 71. Therefore, the Court does not construe Plaintiff's Memorandum of Law, Supplement, and Objections to Defendants' Responses as objections to the PFRD, and **STRIKES** them as untimely.

Because Plaintiff failed to file timely and specific objections to the PFRD, he waived de novo review by this Court and the court of appeals. 2121 East 30th Street, 73 F.3d at 1060. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has carefully and thoroughly reviewed Judge Robbenhaar's PFRD for any factual or legal errors and has found none.[4]

---

[4] As previously mentioned, at times the PFRD confusingly recommends "dismissal" under Rule 56, which governs summary judgment, not dismissal of claims. The Court deems this to be, at worst, an immaterial scrivener's error or error in semantics, and not a factual or legal error.

Therefore, it is **HEREBY ORDERED** that:

1. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, ECF No. 67, Supplemental Information to Plaintiff's Memorandum of Law Opposing Summary Judgment, ECF No. 68, and Objections to Defendants' Response[s] to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, ECF No. 71, are **STRICKEN**;

2. The PFRD issued by Judge Robbenhaar on July 23, 2025, ECF No. 55, is **ADOPTED**;

3. The Bernalillo County Board of Commissioners' Motion for Summary Judgment on the Martinez Report, ECF No. 43, is **GRANTED**;

4. The City of Albuquerque's Motion for Summary Judgment, ECF No. 46, is **GRANTED**;

5. All other pending motions are **DENIED AS MOOT**; and

6. This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE