IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW LOWE,

    Plaintiff,

v.

                                      Case No. 1:23-cv-00160-MIS-JFR

BERNALILLO COUNTY BOARD
OF COMMISSIONERS and
CITY OF ALBUQUERQUE,

    Defendants.

**ORDER DENYING OBJECTIONS TO OMNIBUS ORDER AND DISMISSAL OF CASE AND INCORPORATED MOTION TO ALTER THE COURT'S JUDGMENT, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DEADLINE TO FILE OBJECTIONS AND APPEAL INFORMATION**

THIS MATTER is before the Court on Plaintiff Matthew Lowe's (1) Objections to Omnibus Order and Dismissal of Case, which incorporates a Motion to Alter the Court's Judgment under Rule 59(e) ("Motion for Reconsideration"), ECF No. 74, and (2) Motion to Extend Deadline to File Objections and Appeal Information ("Motion to Extend"), ECF No. 75, filed November 6, 2025. For the reasons that follow, the Court will **DENY** the Motion for Reconsideration and **GRANT IN PART AND DENY IN PART** the Motion to Extend.

I.     Motion for Reconsideration

First, Plaintiff seeks reconsideration of the Court's October 10, 2025 Omnibus Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Defendants' Motions for Summary Judgment, Denying all Other Pending Motions as Moot, and Closing the Case ("Omnibus Order"), ECF No. 72. See Mot. for Reconsid. at 2. As relevant here, the Omnibus Order struck as untimely and procedurally improper Plaintiff's Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment ("Memorandum of Law"), ECF No.

67, and Supplement thereto ("Supplement"), ECF No. 68, because they were filed after the magistrate judge issued the Proposed Findings and Recommended Disposition on Defendants' Motions for Summary Judgment ("PFRD"), ECF No. 55.[1]  Omnibus Order at 4-5.  The Court also found that it could not construe the Memorandum of Law and Supplement as objections to the PFRD because they did "not specifically object to any of [the magistrate judge's] findings or conclusions; in fact, they do not even mention the PFRD."  Id. at 5.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence."  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation marks and citation omitted).  "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'"  Nelson v. City of Albuquerque, 921 F.3d 925, 929 (10th Cir. 2019) (quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Here, Plaintiff merely "re-submit[s]" his Memorandum of Law and Supplement and asks the Court to consider the arguments made therein.  Mot. for Reconsid. at 2.  Initially, the Court finds no basis for vacating the part of the Omnibus Order striking the Memorandum of Law as untimely and procedurally improper, ECF No. 72 at 4-5; and the Court hereby adopts its prior findings in that regard.  Nevertheless, the Court has reviewed the Memorandum of Law and is not persuaded that the Court committed a manifest error of law, misapprehended the facts, misapprehended a party's position, or misapprehended the controlling law.  And it does not present newly discovered evidence.  Accordingly, the Court **DENIES** the Motion for Reconsideration.

---

[1]     Plaintiff also filed a timely Response to Defendants' Motions for Summary Judgment, see ECF No. 47, which the magistrate judge considered when preparing the PFRD, see ECF No. 55 at 3.

## II. Motion to Extend

Second, Plaintiff moves the Court to extend the deadline "to file objections and appeal[.]" Mot. to Extend at 1. To the extent he requests an extension to file objections to the PFRD, the request is **DENIED**. The Court previously granted Plaintiff a sixty-day extension of the original deadline to file objections to the PFRD. See ECF No. 58. Within that timeframe, Plaintiff filed, inter alia, the Memorandum of Law, ECF No. 67, Supplement, ECF No. 68, and Objections to Defendants' Responses to the Memorandum of Law, ECF No. 71. Briefing is complete, Plaintiff's claims have been resolved, and the case is closed. See Omnibus Order at 6. No more extensions are warranted.

To the extent that Plaintiff requests an extension of the deadline to appeal, the request is **GRANTED**. Pursuant to the Federal Rules of Appellate Procedure, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The Court may extend the time to file a notice of appeal by "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5).

Although the Omnibus Order disposed of all of Plaintiff's claims, due to an oversight, the Court never entered a separate "final judgment" pursuant to Federal Rule of Civil Procedure 58(a). The Court will remedy that oversight and enter a separate final judgment contemporaneously herewith. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff has 30 days from the date the final judgment is entered to file a notice of appeal. Pursuant to Rule 4(a)(5), the Court may extend that deadline by up to 30 days. The Court will grant the maximum thirty-day extension and, as such, Plaintiff shall have 60 days from the date final judgment is entered to file his notice of appeal.

Therefore, it is **HEREBY ORDERED** that:

1. Plaintiff's Objections to Omnibus Order and Dismissal of Case and Motion to Alter the Court's Judgment under Rule 59(e), ECF No. 74, is **DENIED**;

2. Plaintiff's Motion to Extend Deadline to File Objections and Appeal Information, ECF No. 75, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order; and

3. Plaintiff shall have 60 days from the date the Court enters its separate Final Judgment to file a notice of appeal with the district court clerk.

*[Signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE